Filed 12/12/13  P. v. Volanti CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>V.<br><br>ETIENNE PAUL VOLANTI,<br><br>    Defendant and Appellant. | E056896<br><br>(Super.Ct.No. RIF1203153)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed with directions.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Ifeolu E. Hassan, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Etienne Volanti is serving eight years in prison after pleading guilty to stalking as a second strike.  He challenges the $450.34 booking fee imposed at sentencing

1

under Government Code section 29950, subdivisions (c) and (d). Defendant argues the statute authorizing the trial court to impose the fee without considering his ability to pay violates his right to Equal Protection, because it treats convicted persons sentenced to imprisonment differently from those granted probation. As discussed below, we affirm the judgment but order the abstract of judgment modified to reflect the booking fee actually imposed by the court.

## FACTS AND PROCEDURE

From April 19, 2012, through April 28, 2012, defendant unlawfully followed and harassed Jane Doe and made a credible threat with the intent to place her in reasonable fear of her or her family's immediate safety. At the time, there was a criminal protective order prohibiting defendant from engaging in such conduct.

On June 22, 2012, the People filed a felony complaint charging defendant with stalking after having been previously convicted of making criminal threats under Penal Code[1] section 422 (§ 646.9, subd. (c)(1)). The People also alleged defendant had served a prior prison term under section 667.5, subdivision (b), and had two prior strike convictions (§§ 667, subds. (c) & (e)(2)(a), and 1170.12, subd. (c)(2)(a).

On July 19, 2012, defendant pled guilty to the stalking charge and admitted one of the strike allegations. As agreed, the trial court sentenced defendant to the upper term of four years, doubled to eight years for the strike prior. This appeal followed.

_____

[1] All section references are to the Penal Code unless otherwise indicated.

DISCUSSION

Defendant argues the trial court violated his right to equal protection when it imposed the $450.34 booking fee.

Government Code section 29550, subdivision (c), allows each county to recover an administrative fee ("booking fee") from each person convicted of a criminal offense when the conviction is a result of a county officer or agent having arrested that person. When the convicted person is granted probation, the court must assess the person's ability to pay the booking fee. (Gov. Code, § 29550, subd. (d)(2).) However, when the convicted person is sentenced to imprisonment, the statute does not require the court to assess the convicted person's ability to pay. (Gov. Code, § 29550, subd.(d)(1).) Defendant argues that persons sentenced to imprisonment and those granted probation are similarly situated with respect to their ability to pay a booking fee, and thus this different treatment by the legislature violates the equal protection rights of convicted persons, such as defendant, who are sentenced to imprisonment and are ordered to pay a booking fee without regard to their ability to pay.

The People argue that defendant forfeited any objection to the booking fee by failing to object in the lower court. For the reasons set forth below, we address the merits of the booking fee challenge but affirm its imposition.

In *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), our Supreme Court recently held that a defendant who does not object to booking fees imposed under Government Code section 29550.2 at the time they are imposed forfeits the right to challenge the fees on appeal, even where the appeal is based on insufficiency of the

3

evidence. (*McCullough,* at p. 591.) This is because a trial court's imposition of this type of booking fee is based on factual findings of ability to pay, rather than on legal conclusions. The ability to pay this booking fee does not present a question of law, but one of fact and formulating the claim as one of deficiency of the record does not transform the claim to one of legal error. (*McCullough,* at p. 597) However, because here, under subdivision (d)(1) of Government Code section 29550, the trial court was not required to determine the defendant's ability to pay, and because his argument regarding Equal Protection is one of law rather than fact, the waiver rule set forth in *McCullough* does not necessarily apply.

Therefore, we consider the merits of defendant's Equal Protection challenge to imposition of the $450.34 booking fee.

As stated above, defendant argues that persons sentenced to imprisonment and those granted probation are similarly situated with respect to their ability to pay a booking fee, and thus this different treatment by the Legislature violates the equal protection rights of convicted persons, such as defendant, who are sentenced to imprisonment and are ordered to pay a booking fee without regard to their ability to pay.

The constitutional guarantee of equal protection of the laws under the federal and state Constitutions "'compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.' [Citation.]" (*In re Gary W.* (1971) 5 Cal.3d 296, 303, superseded by statute on another point as stated in *People v. Superior Court* (*Cheek*) (2001) 94 Cal.App.4th 980, 990.) However, as the People point out, convicted persons sentenced to imprisonment and

4

those granted probation are *not* similarly situated with regard to their ability to reimburse public agencies for their booking costs. Prisoners earn money while incarcerated at a rate predetermined by state regulation. (See § 2700.) Their ability to pay booking fees is fixed and definite, whereas convicted persons who are granted probation have a variable ability to pay booking fees based on their individual incomes and circumstances. Thus, these two classes of persons are not similarly situation for the purpose of paying booking fees.

We agree with the defendant and the People that the abstract of judgment must be corrected to show that the booking fee actually imposed by the trial court is $450.34, rather than $490.00 as shown in the minute order. Because the court's oral pronouncement of the $450.34 booking fee was the rendition of judgment, it controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and minute order and forward certified copies to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
P. J.

We concur:

HOLLENHORST _____
J.

CODRINGTON _____
J.

5